UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-129-MOC-DSK

| | |
|---|---|
| RUBICON RESEARCH PRIVATE LIMITED, Plaintiff, | |
| ZAKLADY FARMACEUTYCZNE POLPHARMA S.A., Consolidated Plaintiff, | **ORDER** |
| v. | |
| KARTHA PHARMACEUTICALS INC., et al., Defendants. | |

This matter comes before the Court on a Motion to Compel Arbitration, filed by

Consolidated Plaintiff Zaklady Farmaceutyczne Polpharma S.A., (Polpharma), (Doc. No. 27),

and on a Motion to Enjoin Polpharma from Pursuing Arbitration, filed by Defendant Kartha

Pharmaceuticals, Inc., (Doc. No. 31). The parties have submitted memoranda on the motions,

and the Court held a hearing on August 19, 2021.

I.      BACKGROUND

In this action, the consolidated Plaintiff Polpharma has sued Defendant Kartha for violating

the parties' conflict of interest and confidentiality provisions in the parties' 2013 Consulting

Services Agreement, in which Kartha agreed to perform consulting services to Polpharma.[1] It is

---

[1] This case has been consolidated with <u>Rubicon v. Kartha</u>, 3:21cv133. In the consolidated
lawsuit, Rubicon Research Private Limited has named Kartha Pharmaceuticals and Manoj
Mazhuvancheril as Defendants, alleging that, while Kartha was providing consulting services to
Polpharma, Defendants stole some of Rubicon's trade secrets for manufacturing Rubicon's
muscle relaxer drug called baclofen, and that Kartha is now planning to sell baclofen. Rubicon
brings claims under the federal Defend Trade Secrets Act of 2016, North Carolina Trade Secrets
Protection Act, and the North Carolina's Unfair and Deceptive Trade Practices Act, as well as

undisputed that the parties' contract includes an arbitration agreement that requires the parties to dispute any contractual issues through arbitration. The parties' contract contains an unambiguous arbitration provision, stating:

> If a dispute cannot be resolved without court assistance, then this Agreement shall be governed by the law of Switzerland, Canton of Zurich. Place of jurisdiction will be Zurich, Switzerland. Any dispute, controversy, or claim arising out of, or in relation to, this contract, including the validity, invalidity, breach, or termination thereof and [that] cannot be solved by both Parties using their best efforts, shall be resolved by arbitration in accordance with the Swiss Rules of International Arbitration of the Swiss Chambers' Arbitration Institution.

(Doc. No. 18-3 at ¶ 14). The parties do not dispute that this arbitration provision is in the parties' contract, nor do they dispute that the arbitration agreement applies to the contract claims in this lawsuit. Defendant argues, however, that Plaintiff has waived the right to arbitration because Plaintiff filed this action seeking injunctive relief before initiating arbitration in Switzerland. For the following reasons, the Court does not agree.

## II.    DISCUSSION

Under the Federal Arbitration Act, federal and state courts are obliged to honor and enforce agreements to arbitrate. Vaden v. Discover Bank, 556 U.S. 49 (2009). The FAA provides, in pertinent part, that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction… shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Arbitration is clearly favored in modern jurisprudence and the FAA manifests "a liberal federal policy favoring arbitration agreements." Adkins v.

---

North Carolina common law claims for unfair competition, breach of fiduciary duty, and unjust enrichment.

<u>Labor Ready, Inc.</u>, 303 F.3d 496, 500 (4th Cir. 2002). Any ambiguities as to the scope of the arbitration clause must be resolved in favor of arbitration. <u>Id.</u>

In the Fourth Circuit, a litigant can compel arbitration if the following criteria are met: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision which purports to cover the dispute; (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect, or refusal of a party to arbitrate the dispute. <u>Adkins</u>, 303 F.3d at 500–01 (quoting <u>Whiteside v. Teltech Corp.</u>, 940 F.2d 99, 102 (4th Cir. 1991)). If these elements are satisfied, then a district court has no choice but to compel arbitration. <u>Id.</u> at 500.

Here, the parties clearly entered into an arbitration agreement in which they agreed to settle contract disputes through arbitration in Switzerland. <u>See</u> <u>Adkins</u>, 303 F.3d at 500–01. Polpharma filed this action on March 31, 2021, and submitted its notice of arbitration to the Swiss Chambers' Arbitration Institution on May 25, 2021. <u>See</u> (Doc. No. 29-1, Pl. Ex. A: Swiss Chambers' Arbitration Institution's confirmation of receipt of notice). Polpharma's Complaint against Kartha states that "[t]he partis have agreed to arbitration, and Polpharma files this lawsuit to seek an injunction in aid of such arbitration." (Case No. 3:21cv133, Doc. No. 1 at p. 1). The Complaint further states that Polpharma seeks "[a] preliminary injunction in aid of arbitration under Fed. R. Civ. P. 65" and does not seek money damages. (<u>Id.</u> at p. 5). Article 26.5 of the Swiss Rules of International Arbitration of the Swiss Chambers' Arbitration Institution provide:

> By submitting their dispute to arbitration under these Rules, the parties do not waive any right that they may have under the applicable laws to submit a request for interim measures to a judicial authority. A request for interim measures addressed by any party to a judicial authority shall not be deemed to be incompatible with the agreement to arbitrate, or to constitute a waiver of that agreement.

3

(Doc. No. 37-1 at 21). Here, the act of seeking a preliminary injunction is clearly an "interim measure" that does not serve to waive the right to arbitration. Polpharma's lawsuit merely seeks a preliminary injunction that would preserve the status quo and prevent irreparable injury pending resolution of the merits of the parties' contract disputes by a Swiss arbitral tribunal under Swiss law.[2] Thus, the Court finds that Kartha and Polpharm entered into a binding arbitration agreement, and Polpharm did not waive the agreement by filing its motion for preliminary injunction in this Court before filing the notice of arbitration in Switzerland. The motion to compel is granted, and the motion to enjoin arbitration is denied.

Finally, the Court notes that the parties and the Court discussed at the hearing on the pending motions whether the parties would seek a stay of this action and/or the consolidated action if the Court were to grant the motion to compel arbitration. While the Court will not sua sponte order a stay, the Court will entertain any motions to stay by the parties.

## III.    CONCLUSION

This Court **GRANTS** Defendant's Motion to Compel Arbitration filed by Consolidated Plaintiff Zaklady Farmaceutyczne Polpharma S.A., (Polpharma), (Doc. No. 27), and **DENIES** the Motion to Enjoin Polpharma from Pursuing Arbitration, filed by Defendant Kartha Pharmaceuticals, Inc., (Doc. No. 31).

Signed: September 16, 2021

Max O. Cogburn Jr.
United States District Judge

---

[2] Moreover, the Court disagrees with Kartha that Polpharma has otherwise waived the right to arbitration through other conduct in this consolidated action, such as seeking expedited discovery. Indeed, it was the plaintiff in the consolidated case, Rubicon, that initiated the motion for expedited discovery before the cases were consolidated.

4

5