UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-129-MOC-DSK

RUBICON RESEARCH PRIVATE LIMITED,
Plaintiff,

ZAKLADY FARMACEUTYCZNE
POLPHARMA S.A.,
Consolidated Plaintiff,

v.

KARTHA PHARMACEUTICALS INC., et al.,
Defendants.

ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Dismiss, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. No. 99).

**I.     BACKGROUND**

In this action, filed on March 30, 2021, Plaintiff Rubicon Research Private Limited alleged that Defendants Kartha Pharmaceuticals and Manoj Mazhuvancheril stole Rubicon's trade secrets for manufacturing Plaintiff's 5 mg baclofen drug and that Kartha is planning to sell its own baclofen. Rubicon brings claims against Defendants under the federal Defend Trade Secrets Act of 2016, North Carolina Trade Secrets Protection Act, and the North Carolina's Unfair and Deceptive Trade Practices Act, as well as North Carolina common law claims for unfair competition, breach of fiduciary duty, and unjust enrichment. This action has been consolidated with <u>Zaklady Farmaceutyczne Polpharma S.A. v. Kartha Pharmacuticals, Inc.</u>, Civ. No. 3:21cv129, in which the plaintiff Polpharma in that case claims that Kartha violated conflict of interest and confidentiality provisions in a consulting agreement between the parties in that

1

case. The parties have engaged in substantial discovery, with discovery due to close on February 15, 2022, with dispositive motions due on March 2, 2022, and with a trial date set for June 20, 2022.

Plaintiff filed the pending motion to dismiss on December 23, 2021. In support of the motion to dismiss, Plaintiff asserts that while it has a strong case on liability against Defendants, circumstances have changed significantly since filing this lawsuit that make it appropriate for Plaintiff to voluntarily dismiss its claims. According to Plaintiff, it is uncertain whether Defendants will launch their baclofen product. Plaintiff further asserts that there are now multiple additional competing products in the market. Plaintiff contends that there may no longer be value in pursuing Defendants for their wrongful conduct since prices have eroded by over 75% for the 5 mg baclofen tablet. Finally, Plaintiff contends that there will be no prejudice to Defendants if the case is dismissed without prejudice. Plaintiff asserts that the discovery conducted in this case will be used in arbitration in the lawsuit between Defendants and Polpharma and could be used in a subsequent action if circumstances change again.

In their response to the motion to dismiss, Defendants do not oppose dismissal of this action, but they object to the conditions of dismissal. Defendants ask the court to dismiss the case <u>with prejudice</u> with leave to Defendants to take four depositions from Plaintiff to allow Defendants to establish Plaintiff's bad faith in filing this case, and with leave to Defendants to file a motion for costs and attorney fees. Alternatively, Defendants ask for this Court to dismiss the case without prejudice, but on the condition that Plaintiff must pay Defendants' costs and attorney fees.

II. DISCUSSION

Pursuant to Fed. R. Civ. P. 41(a)(2), once a defendant has served an answer or a motion

for summary judgment, and absent the consent of all parties, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). The purpose of the rule "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987); see also Lang v. Manufacturers & Traders Tr. Co., 274 F.R.D. 175, 182 (D. Md. 2011). Accordingly, "[a] plaintiff's motion to voluntarily dismiss a claim [without prejudice] should not be denied absent plain legal prejudice to the defendant." Ellett Bros., Inc. v. U.S. Fid. & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001).

To avoid unfair prejudice, the district court is permitted "to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from the dismissal without prejudice. In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." Davis, 819 F.2d at 1273 (citations omitted).

In assessing the degree of prejudice that might be caused by a Rule 41(a)(2) dismissal, the Court applies a "non-exclusive, multi-factor test," including such factors as "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation." Wilson v. Eli Lilly & Co., 222 F.R.D. 99, 100 (D. Md. 2004) (citations omitted); see also Lang, 274 F.R.D. at 182. "'[I]t is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit' or 'the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation.'" Howard v. Inova Health Care Servs., 302 F. App'x 166, 179 (4th Cir. 2008) (citing Davis, 819 F.2d at 1274–75).

After applying the four relevant factors, the Court finds that dismissing this action will not unfairly prejudice Defendants. Moreover, the Court declines to grant Defendants' alternative requested conditions of dismissal.

As to the first factor—Defendant's effort and expense in preparing for trial—Plaintiff contends that there is no prejudice to Defendants as to the effort and expense in preparing for trial because dismissal at this point will save Defendants the costs of further preparation for trial, including the upcoming costs of having to take and defend depositions and finalize expert reports. Plaintiff contends that, in addition, the written discovery that has been exchanged may be used in a refiled action. Crocker v. Brown, No. 1:16-CV-00005-MR-DLH, 2016 WL 7404719, at *2 (W.D.N.C. Dec. 21, 2016). Defendants do not present any opposition on this point except to state that Plaintiff is unlikely to refile the case given its stated reasons for dismissing now. Plaintiff asserts, however, that it may refile the litigation if circumstances change again. The Court finds that this factor weighs in favor of granting Plaintiff's motion to dismiss.

As to the second factor—excessive delay or lack of diligence on the part of the movant—the Court is satisfied that Plaintiff exercised diligence in pursuing its claims and not delay, conducting expedited discovery efficiently and effectively. Defendant does not challenge this factor. The Court finds that this factor weighs in favor of granting Plaintiff's motion to dismiss.

As to the third factor—insufficient explanation of the need for a dismissal—Plaintiff has explained that Rubicon pioneered its baclofen product (receiving approval for it in 2017) and enjoyed a years-long competitive advantage, demonstrating the value of the product and the information concerning the product that is at issue in this case. Plaintiff notes that when it filed this action Defendants had received the third market approval for this product. There were three

4

approvals then, and now there are seven companies with approval. Plaintiff asserts that it did not know when it filed this action in March 2021 that ten months later market would be flooded with companies with approval to sell the 5 mg baclofen market. The Court finds that this is a sufficient explanation for Plaintiff to take voluntary dismissal now. Therefore, this factor weighs in favor of granting the motion to dismiss.

Finally, as to the fourth factor—the present stage of litigation—as noted, the parties have engaged in significant discovery, but dispositive motions are not yet due. Defendants argue that Plaintiff's stated reasons for seeking dismissal at this stage are merely a pretense. Defendants contend that Plaintiff has known all long it does not have any actionable claims against Defendants. Defendants contend that some of their anticipated discovery (in the form of depositions) will show that Plaintiff brought this action in bad faith. Defendants contend that if the Court dismisses this action they will lose an opportunity to be declared the prevailing party and move for attorney fees and costs under the applicable statutes.

The Court is not persuaded by Defendants' arguments. First, Defendants cite to no cases where a court found prejudice to a defendant from its inability to vindicate its rights to the end of a civil action on the chance it <u>might</u> obtain attorney fees.[1] Moreover, the statutes at issue here award fees to a prevailing party only upon a showing that the action was "frivolous and malicious" or brought in bad faith. N.C. GEN. STAT. § 75-16.1; 18 U.S.C. § 1836. The parties

---

[1] Defendants cite only one case where a court found the possibility of future recovery of statutory attorney fees was prejudice justifying conditions on dismissal. <u>United States v. $107,702.66</u>, No. 7:14-CV-00295-F, 2016 WL 413093, at *3 (E.D.N.C. Feb. 2, 2016). As Plaintiff notes, that case involved attorneys' fees under the Civil Asset Forfeiture Reform Act (CAFRA), which allows attorneys' fees for any claimant who prevails in a civil forfeiture proceeding brought by the federal government. <u>Id.</u> at *1. If the government chose to dismiss its civil forfeiture claim, it makes sense that the claimant would be entitled to his fees as a condition of dismissal. That unique procedural posture does not apply to the statutes at issue here.

5

have already filed hundreds of pages in briefs presenting their positions and arguments, and the Court has held two lengthy hearings in this case, in which the parties have vigorously opposed each other's claims. Plaintiff clearly had legitimate grounds to bring the claims in this case. Defendants' argument here is premised on their assumption that they will prevail at summary judgment and that they can prove they are entitled to attorney fees and costs. This argument is simply too speculative. Moreover, as Plaintiff notes, if the potential award of attorney fees were a sufficient reason to deny a motion to take a voluntary dismissal, courts would never grant these types of motions. In sum, applying this fourth factor weighs in favor of granting the motion to dismiss.

For the reasons stated herein, the Court grants Plaintiff's motion to dismiss and dismisses this action without prejudice. Moreover, each party must bear its own attorney fees and costs.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motion to dismiss is granted, and this action will be dismissed without prejudice.

**IT IS THERFEORE ORDERED** that:

(1) Plaintiff's Motion to Dismiss, (Doc. No. 99), is **GRANTED**. This action is dismissed without prejudice. The Clerk shall terminate this action. The remaining consolidated action between Polpharma and Kartha, Case No. 3:21cv133, shall remain open.

(2) Plaintiff's pending Motion to Stay, (Doc. No. 82), and Plaintiff's Unopposed Motion for Extension of Time to Complete Discovery, (Doc. No. 112), shall be terminated as **MOOT**.

Signed: January 28, 2022

Max O. Cogburn Jr.
United States District Judge

7